*er. ade*

ORIGINAL

JOHN HARRIS PAER, ESQ.      #1551
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

BRUCE H. WAKUZAWA, ESQ.
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 1950
Honolulu, Hawaii   96813
Telephone:  (808) 523-1007
Facsimile:  (808) 522-0530
email: bruce@bwhawaiilaw.com

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 25 2008

at 9 o'clock and 15 min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD TERUO SUGIMOTO, | CIVIL NO. **CV08  00387ACK** LEK |
| Plaintiff, | COMPLAINT FOR DAMAGES AND |
| | INJUNCTIVE RELIEF; EXHIBITS |
| vs. | "A-C"; JURY DEMAND; SUMMONS |
| COUNTRYWIDE BANK, FSB, and | |
| CHARTER CAPITAL CORPORATION | |
| dba FIRST CAPITAL GROUP, | |
| Defendant. | |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW Plaintiff, by and through his undersigned
attorneys, and alleges as follows:

INTRODUCTION

1.  This Complaint is filed and these proceedings are
instituted under the "Truth in Lending Act" 15 U.S.C. Section 1601,
et seq., to rescind, recover actual and statutory damages,

reasonable attorney's fees and costs of suit by reason of the Defendants' violations of that Act and the Regulations adopted pursuant thereto published at 12 C.F.R. § 226, commonly known as Regulation Z. Plaintiff seeks actual and statutory damages arising out of Defendants' misrepresentations and improper disclosures.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1640(e) and 28 U.S.C.A. Sections 1331, 1332 and 1337. The supplemental jurisdiction of this Court is invoked over Count II of the Complaint, which arises under Chapter 480 of the Hawaii Revised Statutes. This Court has jurisdiction of the state claims because the factual matters underlying the federal and state claims are closely related, making disposition of both claims proper and necessary.

## PARTIES

3. Plaintiff is a natural person and is a resident and citizen of the State of Hawaii.

4. Defendant Countrywide Bank, FSB (hereinafter "Countrywide") is a national bank doing business in the State of Hawaii and is subject to the jurisdiction of this Court. Countrywide is a citizen of a state other than Hawaii.

5. Charter Capital Corporation dba First Capital Group (hereinafter "Charter") is a Hawaii corporation and mortgage broker and is subject to the jurisdiction of this Court.

FACTS

6. At all times relevant herein, Charter was an agent of both Countrywide and of Plaintiff.

7. Within the year prior to the filing of this action, Countrywide regularly extended credit to its consumer customers for which a finance charge was imposed and/or accepted assignment of such consumer debt.

8. Defendants falsified Plaintiff's application for a mortgage loan by stating Plaintiff's birthday as 1946 instead of 1926, indicating that he was 20 years younger than his actual age, and by falsely inflating his stated income by some $4500.00.

9. On or about August 6, 2007, at the direction of Defendants, the loan documents were signed at a Burger King fast food restaurant rather than at a legitimate title/escrow company.

10. As a result, Plaintiff was deceived and received a loan on less advantageous terms than those previously represented by Defendants and reasonably expected by Plaintiff.

11. Plaintiff was told to, and did sign for two loans; that is, a first and second (home equity) mortgage loan.

12. A true copy of the Notice of Right to Cancel given to Plaintiff in connection with the above first mortgage transaction is attached hereto as Exhibit "A".

13. A true copy of the Notice of Right to Cancel given to Plaintiff in connection with the above second mortgage transaction is attached hereto as Exhibit "B".

14.   A true copy of the Truth in Lending Disclosure Statement given to Plaintiff in connection with the above first mortgage transaction is attached hereto as Exhibit "C".

15.   Defendants did not timely provide Plaintiff with a good faith estimate with respect to either the first or second mortgage.

16.   The above debt was incurred primarily for personal, family, or household purposes.

17.   The above indebtedness was secured by a mortgage on Plaintiff's principal residence.

18.   Upon information and belief, Defendant Countrywide is the present owner and holder of the above described note and mortgage.

19.   On August 5, 2008, Plaintiff, through his counsel, via certified mail, sent a letter to Defendant Countrywide which stated that Plaintiff was rescinding the above described loan.

20.   Countrywide received that letter on August 6, 2008, and has responded to that letter on August 12, 2008, but has failed and refused to take any steps to rescind the above described loan.

21.   Plaintiff again hereby rescinds the above-described loan, and all other transactions they had or have with each Defendant.

22. Plaintiff will be irretrievably harmed if Defendants refuse to rescind the loan and proceed with collection of the loan and/or foreclosure upon her home.

### COUNT I - Truth in Lending

23. Plaintiff realleges and incorporates paragraphs 1 through 22 of this Complaint.

24. Defendant Countrywide has violated the Truth in Lending Act by failing to properly disclose, and/or by disclosing in a misleading and confusing manner:

      (a) the Annual Percentage Rate,

      (b) the Finance Charge,

      (c) the Amount Financed,

      (d) the Total of Payments and Payment Schedule,

      (e) the Security Interest,

      (f) the Notice of Right To Rescind, and

      (g) by failing to honor Plaintiffs' rescission request to rescind the loan transaction.

25. Plaintiff has suffered serious personal as well as pecuniary injury and emotional harm as a result of Defendant Countrywide's actions as described above.

### COUNT II - Unfair and Deceptive Acts

26. Plaintiff realleges and incorporates paragraphs 1 through 25 of this Complaint.

27.  All Defendants have violated Chapter 480 of the Hawaii Revised Statutes as alleged above.

28.  Defendant Countrywide's violations of the Truth in Lending Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

29.  The false representations as to the terms of the loan, the failure to give documents timely, the charges and disclosure of those charges and terms in connection with the above-described extension of credit were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, in violation of H.R.S. Chapter 480.  All defendants are responsible for these violations.

30.  All Defendants' failure to give to Plaintiff a proper Notice of Right to Cancel and their failure to give Plaintiff timely a good faith estimate is unfair and deceptive, in violation of H.R.S. Chapter 480.

31.  Defendant Countrywide's refusal to honor Plaintiff's demand for rescission is unfair and deceptive, and is a separate violation of HRS §480-2.

32.  As a result, Plaintiff has suffered injury to his property in an amount to be proved at trial, and is entitled to, among other things, rescission, treble damages, interest and attorneys' fees and costs.

## COUNT III - Unconscionability

33. Plaintiff realleges and incorporates paragraphs 1 through 32 of this Complaint.

34. Defendants have engaged in unconscionable behavior and acts to the detriment of Plaintiff, including but not limited to obtaining mortgages under false pretenses and by charging Plaintiff inflated and unnecessary charges, and by failing to give Plaintiff required documents in a timely manner.

## COUNT IV - Fiduciary Duty

35. Plaintiff re-alleges the allegations of paragraphs 1 through 34 of this Complaint.

36. At all times relevant herein, each Defendant owed Plaintiff a fiduciary duty with regard to the instant mortgage loans.

37. Each Defendant breached its, his or her fiduciary duty owed to Plaintiff as described above.

38. Plaintiff has been damaged thereby in an amount to be proved at trial.

WHEREFORE, Plaintiff prays that the Court:

AS TO COUNT I

1. Award Plaintiff his actual damages as will be proved at trial along with $2000.00 statutory damages;

2.   Enjoin Defendants from taking any action in furtherance of pursuing, by collection, foreclosure or otherwise, their security interest in the subject property;

3.   Award rescission of the transaction, rescission of all security interests relating to Plaintiff's property, and order Defendants immediately to return to Plaintiff all finance charges paid pursuant to that credit transaction, and direct that Plaintiff has no further obligation of payment to Defendants, their servicer or their agents.

4.   Order Defendants to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

5.   Order Defendants to delete any adverse information regarding Plaintiff that they have reported to any consumer (credit) reporting agency; and enjoin Defendants from making, in the future, any adverse consumer report regarding Plaintiff to anyone.

AS TO COUNT II

6.   Award Plaintiff damages in the amount of three times the injury to his property, but not less than $1,000.00.

7.   Declare the above transaction null and void.

8.   Award rescission of the transaction, rescission of all security interests relating to Plaintiff's property, and direct that Plaintiff has no further obligation of payment to

Defendants.

9.  Order Defendants to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

10.  Order Defendants to delete any adverse information regarding Plaintiff that they have reported to any consumer (credit) reporting agency; and enjoin Defendants from making, in the future, any adverse consumer report regarding Plaintiff to anyone.

AS TO COUNT III

11.  Award Plaintiff damages for property injury;

12.  Award Plaintiff damages in the amount of the injury to his person, both physical and emotional;

13.  Award Plaintiff exemplary damages.

AS TO COUNT IV

14.  Award Plaintiff damages as will be proved at trail.

15.  Award Plaintiff exemplary damages.

AS TO ALL COUNTS

16.  Declare Defendants' security interest in the subject property void, and enjoin Defendants from taking any action towards collection of the loan and/or foreclosure of their security interest in the subject property;

17.  Award Plaintiff his attorneys' fees and costs of Court.

18.  Award Plaintiff such other and further relief as the Court deems just and equitable.

DATED:  Honolulu, Hawaii, _August 25, 2008_ .

_____
JOHN HARRIS PAER
BRUCE H. WAKUZAWA
Attorneys for Plaintiff